[No. 745.]

## Ex Parte AH BAU and AH YOU.

PRELIMINARY EXAMINATION SHOULD NOT BE WAIVED.—In all cases where a party has been arrested, charged with crime and brought before a magistrate, an examination should take place; the practice of allowing such a party to waive an examination is irregular and should be discontinued.

IDEM—WHEN WAIVED NO GROUND FOR DISCHARGE.—The fact that the justice of the peace issued his commitment without the introduction of any testimony, although erroneous, furnishes no ground for petitioner's discharge upon *habeas corpus*.

PRISON-BREAKING—ESSENTIALS OF THE OFFENSE.—Before any person can be found guilty of prison-breaking, the imprisonment from which he attempted to break must be shown to be lawful.

IDEM.—It is not merely those who are guilty of a crime that may be lawfully confined in a county jail; for under many circumstances persons who are wholly innocent may be lawfully imprisoned by legal process, and in such cases they are bound to submit to the confinement until discharged by law.

IDEM.—If a party imprisoned upon a regular commitment, issued by a justice of the peace, charging him with a felony, breaks prison, he is guilty of the offense of prison-breaking, and may be convicted of said offense without being indicted, tried or convicted of the principal felony.

HABEAS CORPUS before the Supreme Court.

The facts are stated in the opinion.

*Robert E. Lowery*, for Petitioners.

*William Boardman*, for the State.

By the Court, HAWLEY, C. J.:

Petitioners are held in custody by the sheriff of Washoe County, by virtue of a commitment issued from the justice's court of Reno township, which recites that they have been held to answer upon a charge of attempting to break jail. They ask their discharge upon two grounds: First. Because no examination has been had upon the charge alleged in the commitment.    Second. Because, at the time of the alleged offense of prison-breaking, they were not lawfully confined in the county jail.

1. The statute contemplates that in all cases where a person has been arrested, charged with crime and brought before a magistrate, that an examination shall take place. The practice of allowing such person to waive an examination is irregular and should be discontinued.    It appears that when petitioners were brought before the justice of the peace they were allowed to waive an examination and the justice issued the commitment without the introduction of any testimony.    This action, although erroneous, does not furnish any ground for their discharge upon *habeas corpus*. They are entitled to a hearing, and upon demand the justice will undoubtedly grant it.

2. At the time of their alleged attempt to break jail petitioners were in the custody of the sheriff, and were confined in the county jail under and by virtue of a regular commitment holding them to answer upon the charge of an attempt to kidnap.    This Court, upon a writ of *habeas corpus*, after examining the depositions taken before the committing magistrate on that charge and hearing oral testimony, decided that there was no reasonable or probable cause for their detention and discharged them.    It is now claimed that such discharge, in legal effect, amounted to a decision that they were unlawfully held in custody and that they had the right to break jail.

The statute provides that, "Every person lawfully confined in a county jail, or in the custody of any officer or person, under a lawful arrest, who shall escape or break away

from such officer or person, or shall escape from or break out of, or attempt to escape from or break out of, such jail, * * * and in case such person is under arrest, or confined in jail upon a charge of felony, and so escape, or break away from, such arrest, or escape from, or break out of, or attempt to break out of, such jail, then, upon conviction, he shall be punished," etc. (1 Comp. L. 589, 2467.)

Upon a careful examination of the authorities it will be found that the law demands that before any person should be adjudged guilty of this offense, the imprisonment from which he attempted to break should be shown to be lawful. It will not be seriously contended that a person confined in jail contrary to law, should be found guilty of this offense for attempting, even forcibly, to regain his liberty. But it is equally clear that it is not merely those who are actually guilty of a crime that may be *lawfully confined in a county jail;* for under many circumstances persons who are wholly innocent may be lawfully imprisoned by legal process, and in such cases they are bound to submit to the confinement until discharged by due course of law.

The doctrine applicable to this case is thus expressed in 2 Hawkins's Pleas of the Crown, 185, ch. 18: "It is clear that if a person be taken upon a *capias* awarded on an indictment or appeal against him, for a supposed treason or felony, he is within the statute if he break the prison, whether any such crime were in truth committed by him, or any other person, or not; for that there is an accusation against him on record, which makes his commitment lawful, be he never so innocent, and the prosecution never so groundless." (Sec. 5.) "Also, if an innocent person be committed by a lawful *mittimus* on such a suspicion of a felony, actually done by some other, as will justify his imprisonment, though he be neither indicted nor appealed, he is certainly within the statute if he break the prison, for that he was legally in custody, and ought to have submitted to it till he had been discharged by due course of law." (Sec. 6.) "And on the other side, if the party be taken up for such slight causes of suspicion of a felony actually done

as will not in strictness justify the arrest, yet if the justice
before whom he is brought think them of such weight as to
require a commitment, and do accordingly send the party
to jail by a regular *mittimus,* it seems very dangerous for
him to break the prison; for the practice of justices of
peace in making such commitments being now grown into
settled law, it seems reasonable that their *mittimus* be a
good justification of the imprisonment which it commands,
for a crime within their jurisdiction regularly brought be-
fore them; from whence it follows, that to break from such
imprisonment must be unlawful." (Sec. 8.)   This is sub-
stantially the principle announced by the various authors
who have written upon this subject (2 Coke's Inst. 592; 1
Hale's Pleas of the Crown, 610; 1 Russ. on Cr. 428; 2 Bish.
on Cr. L., Secs. 1033, 1034), and it is supported by all the
authorities we have found bearing directly upon this ques-
tion. (*State* v. *Murray,* 15 Me. 100; *Commonwealth* v. *Miller,*
2 Ashmead, 61.)

Petitioners' counsel relies upon a remark made by Sir
Matthew Hale, as follows: "And yet I hold that if A. be
indicted of felony and committed, and then breaks prison,
and then be arraigned of the principal felony and found not
guilty, now A. shall never be indicted for the breach of
prison; or if indicted for it before the acquittal, and then
he is acquitted of the principal felony, he may plead *that*
acquittal of the principal felony in bar to the indictment
for the felony for breach of prison." (1 Hale's Pleas
of the Crown, 612.)   This doctrine, if admitted to be
correct, is of no avail to petitioners in this application,
for they have not been acquitted of the principal charge.
All the authorities agree that a party may be arraigned,
tried and convicted for prison-breaking before he is con-
victed of the crime for which he was imprisoned. (1 Hale's
Pleas of the Crown, 611; 2 Coke's Inst. 592; 1 Russ. on
Cr. 430.)

In the case of the *Commonwealth* v. *Miller, supra,* the de-
fendants were imprisoned by virtue of certain commitments
issued by a justice of the peace charging them with the

crime of "feloniously burning St. Peter's church," and the defendants while so in custody broke jail. At a subsequent term of court, and pending the indictments for prison-breaking, the grand jury returned the bills "*ignoramus.*" The defendants on being arraigned "pleaded these facts in bar to the indictments for the breach of prison, and averred that they were, in truth and in fact, arrested and detained without any reasonable or probable cause of suspicion." Darlington, president of the court, to whom the question of the sufficiency of the demurrers was submitted, held "that if a man be imprisoned upon an indictment found, or upon a regular commitment, under the hand and seal of a justice of the peace, for a particular felony, or suspicion thereof, plainly set forth in the warrant, and he breaks prison and escapes, that he is guilty of felony, and this without his being indicted, tried or convicted of the principal felony" (p. 68).

Notwithstanding their discharge from custody, under the commitment accusing them of an attempt to kidnap, upon the ground that they were held without any reasonable or probable cause, petitioners might be indicted, tried and convicted of said offense; hence it follows that such an order is no bar to an indictment for prison-breaking, whatever might be the effect of an acquittal by a jury.

Petitioners are remanded to the custody whence they came.