[No. 989.]

## THE STATE OF NEVADA, RESPONDENT, *v.* JOHN DAVIS, APPELLANT.

COMPETENCY OF JUROR—EXHIBITION OF NEWSPAPER ARTICLE—REFRESHING MEMORY.—A juror testified that he had read in the Carson *Appeal* what purported to be a true account of the difficulty. Defendant's attorney asked him whether, if his memory was refreshed by "an exhibition of a newspaper article purporting to give an account of the transaction in question, he could answer whether he had formed an unqualified opinion, touching the matter in issue." *Held,* that this question was properly excluded, because it was not limited to the particular article the juror had read.

PRELIMINARY EXAMINATION—WAIVER OF STATUTORY RIGHT.—Defendant objected to proceeding with the trial because the testimony given at his preliminary examination had not been reduced to writing, as required by the statute. *Held,* that he could not avail himself of this irregularity without an affirmative showing that he was deprived of this statutory right without his consent.

IDEM—CONTINUANCE.—Some of the witnesses who testified at the preliminary examination were absent from the state. There was no showing made that their testimony was material, or that any effort had been made to procure their attendance. *Held,* that the court did not err in proceeding with the trial.

ASSAULT WITH DEADLY WEAPON—INTENT.—It is the character of a weapon and the manner in which it is used (not the purpose for which it is carried), taken in connection with the facts and circumstances of the assault, that indicate the intention of the defendant.

IDEM—DEADLY WEAPON—QUESTION OF FACT.—Where the character of the weapon, whether deadly or not, is doubtful, or where its character depends upon the particular manner in which it was used, the question is one of fact and should be submitted to the jury.

INSTRUCTIONS—RIGHT OF COURT TO MODIFY.—A court is not bound to give instructions in the exact language asked for by counsel; but may add to,

or change, the phraseology in order to make them clear and explicit, or to prevent the jury from being misled.

IDEM—WHEN SHOULD BE EXPLICIT.—If a defendant desires explicit instructions to be given upon any point, it is his right and duty to prepare the same and ask the court to give them.

APPEAL from the District Court of the Second Judicial District, Ormsby county.

The instructions complained of by appellant, and referred to in the opinion of the court, are as follows:

Instruction given by the court of its own motion: "A reasonable doubt, in the law, is one founded upon a full and fair consideration of all the evidence in the cause and circumstances surrounding the transaction, shown and adduced by either the state or defendant, or both, and is not a doubt resting upon mere conjecture or speculation. The law presumes the defendant innocent of the crime alleged, and, to entitle you to find the defendant guilty of any offense, his guilt of such offense must be found by you from all the evidence adduced beyond a reasonable doubt, as above defined; and, if you have any such reasonable doubt, the defendant is entitled to the benefit thereof, and you must acquit."

Instruction number five, asked by the prosecution and given by the court: "The jury are further instructed that if they find, from the evidence, that on or about the nineteenth day of December, 1878, in this Ormsby county, Nevada, the defendant, John Davis, did, without provocation or excuse, assault one Albert Standinger, and did beat him with a weapon, instrument, or other thing, and that such weapon, instrument, or other thing was not of a deadly character, then the jury should find the defendant guilty of assault and battery."

Instruction No. 1 asked by defendant: "If the jury believe from the evidence that defendant assaulted Albert Standinger, at the time and place mentioned in the indictment, with a club or spoke of a wheel, without any sufficient provocation for such assault having been previously given by said Standinger to said defendant for such conduct on

defendant's part; and if the jury believe that defendant then and there inflicted a serious wound upon the forehead of said Standinger, but that there was no intention on defendant's part to kill said Standinger, but only to inflict a blow, or at most a bodily injury upon Standinger, the defendant can not be found guilty of the offense specified in the indictment."

The court modified this instruction by adding thereto, as follows: "But may find the defendant guilty of an assault and battery, or of an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury; *provided*, that in the latter case you first find that the weapon, instrument or thing, if any, used by Davis, was a deadly weapon, instrument, or thing."

*N. Soederberg*, for Appellant.

I. The court erred in refusing to allow defendant to refresh the memory of the juror Laforge. The fact to be established was whether or not this juror had formed an unqualified opinion of the matter in issue. It was immaterial how the fact was established, whether by the juror himself or by other proof, and it was equally immaterial by what means the juror was enabled to give the desired information. (2 Phillips on Ev., Cow. & Hill., and Edw.'s Notes, 773 (top p. last par.), 774, 750, 760.)

II. It was error to reject defendant's evidence of hostile relations between himself and the witness McArthur. The intention with which defendant carried the club at the time of the difficulty, was the most important question in the case.

III. The court erred in leaving the question to the jury whether the club was a deadly weapon. (10 Nev. 284; Bish. Cr. L. 335.)

IV. The instruction upon the question of reasonable doubt was erroneous and calculated to mislead the jury to the prejudice of defendant. It authorized defendant's conviction upon a mere preponderance of evidence.

V. Defendant's instruction No. 1 should have been given

in its original form, without modification. (*State* v. *Ferguson*, 9 Nev. 106.)

VI. Plaintiff's instruction No. 5 does not correctly state the law. The character and severity of the blow, and not the kind or character of weapon used, determines the grade of the offense.

VII. The court erred in compelling defendant to proceed to trial, the testimony taken on the preliminary hearing not having been reduced to writing, and several material witnesses being absent from the state at the time of the trial.

*M. A. Murphy*, Attorney-General, for the Respondent.

I. Defendant's attorney did not offer to produce the paper containing the article the juror had read. The question asked the juror was improper. (*Morgan* v. *State*, 31 Ind. 196; *Clem* v. *State*, 33 Id. 425.) A mere impression or suspicion derived from reading a newspaper article, does not disqualify. (*Fahnestock* v. *State*, 23 Ind. 235; *People* v. *Mahoney*, 18 Cal. 180–183; *People* v. *Symonds*, 22 Id. 351; Cent. Law Journal, Aug. 29, 1879, p. 1.)

II. The evidence of the difficulty between defendant and McArthur was properly excluded. If A arms himself, intending to murder B, shoots C, supposing C to be B, and wounds C, he is guilty for an assault with intent to murder C. (*People* v. *Torres*, 38 Cal. 143.)

III. The instruction upon reasonable doubt was correct. (*U. S.* v. *Knowles*, 4 Saw. 521; *U. S.* v. *Foulke*, 6 McL. 355; *Long* v. *The State*, 38 Ga. 508; *Commonwealth* v. *Drum*, 58 Pa. 22.)

By the Court, HAWLEY, J.:

Defendant was indicted and tried for the crime of an assault with intent to kill. The jury found him guilty of "an assault with a deadly weapon, with intent to commit a bodily injury upon the person of Albert Standinger."

1. One Laforge, upon being examined by defendant's counsel touching his qualifications as a juror, testified that he had read in the Carson *Appeal* what purported to be a detailed account of the alleged commission of the crime

charged against defendant; that he had forgotten whether, from the reading of said account, or from any other information, he had formed or expressed an unqualified opinion as to the guilt or innocence of the defendant; but that it was possible, if he was taken as a juror, when the testimony was delivered, whatever opinion (if any) he might have formed, might be revived in his mind. Counsel for defendant then asked said juror, " Whether or not, if his memory was refreshed by an exhibition of a newspaper article purporting to give an account of the transaction in question, he could answer whether he had formed an unqualified opinion touching the matter in issue ?"

Did the court err in excluding this question? Certainly not.

If for no other reason, it was properly excluded because counsel did not limit the question to the particular article the juror had read in the Carson *Appeal*, but referred generally to any " newspaper article purporting to give an account of the transaction."

2. Defendant objected to proceeding with the trial, on the ground that the testimony taken on the preliminary examination of defendant had not been reduced to writing, and also on the ground that several of the witnesses who testified upon the hearing were absent from the state, and were not present at the trial; that the testimony of said witnesses was material to the defense; that in the absence of the written testimony defendant's present attorney and defendant himself were unable to properly cross-examine the witnesses for the state who were present at the trial.

It was admitted by counsel for the state that the testimony at the preliminary examination had not been reduced to writing, and that some of the witnesses who testified before the magistrate were absent from the state.

In our opinion, the court did not err in proceeding with the trial. Upon this point—as well as the preceding one— the defendant failed to lay the proper foundation to have the question considered on its merits.

In justice to the state as well as the defendant, the testimony given at the preliminary examination ought

always to be reduced to writing and authenticated as provided in section 151 of the criminal practice act (1 C. L. 1779). If the defendant waives this right, the state ought to insist upon it. The practice of waiving preliminary examinations, or dispensing with any of the statutory requirements in regard thereto, is irregular and ought to be discontinued. (*Ex parte Ah Bau,* 10 Nev. 265.) It is questionable whether the defendant could avail himself of this irregularity, if at all, except upon a writ of *habeas corpus,* on the ground that he was illegally restrained of his liberty. But in no event could he, at any time, avail himself of such an irregularity, without an affirmative showing that he was deprived of the statutory right without his consent. No such showing was made in this case. So with reference to the absent witnesses. There was no affidavit presented to show that their testimony was material or that any effort whatever had been made to procure their attendance.

3. The club or wagon spoke with which the alleged offense was committed was introduced in evidence without objection. The defendant testified in his own behalf that he struck Standinger with the club; that he was intoxicated and excited at the time of the difficulty, which occurred at a gambling table; that Standinger said something to defendant which displeased him; that bitter words ensued; that Standinger arose in his chair and defendant struck him in the forehead with the club once and then walked away. The testimony for the prosecution tended to show that the blow was struck by the defendant without any provocation; that defendant came up behind Standinger, and upon his turning around towards defendant the blow was inflicted. The defendant claimed that he did not carry said club for the purpose of striking Standinger, but that he carried it as a means of self-protection against one McArthur, with whom he had a difficulty shortly before, and that McArthur had made threats against him of personal violence. Counsel claim that defendant was not guilty of any offense except that of assault and battery. Upon this state of the case, counsel for the defendant asked the witness McArthur:

"What were your relations with the defendant, and was there any difficulty between you and defendant on and previous to December 19, 1878 ?"

This question the court refused to allow the witness to answer. We think this action of the court was correct. The proposed testimony was wholly irrelevant. It did not tend to show the intent with which defendant struck the blow. Under the facts of this case it was immaterial for what purpose defendant carried the club. He may have procured and carried it for the purpose of protecting himself against McArthur, but that fact would not relieve him from any responsibility for his acts if he assaulted and struck Standinger without any lawful excuse or provocation. It was the character of the weapon and the manner in which it was used (not the purpose for which it was carried), taken in connection with the facts and circumstances of the assault, that indicated the intention of the defendant.

4. The court did not err in leaving the question to the jury whether the club used by defendant was a deadly weapon.

It was peculiarly within the province of the jury, under the facts of this case, to determine, as a fact, whether the club in defendant's hand, as it was used by him, was likely to produce fatal consequences or not. The law is well settled that when it is practicable for the court to declare whether a particular weapon is deadly or not, the question "is one of law for the court, and not of fact for the jury" (1 Bish. Cr. L., sec. 335, 3d ed.), but in all cases where the character of the weapon in this respect is doubtful, or where the question depends upon the particular manner in which it was used, the question should be submitted to the jury. (*State* v. *Rigg*, 10 Nev. 290; *State* v. *Jarrott*, 1 Ire. (L.) 87; *U. S.* v. *Small*, 2 Curtis, C. C. 243; *Rex* v. *Grice*, 7 C. &. P. 803.)

5. The several objections urged against the instructions are not well taken.

The court is not bound to give instructions in the exact language used by counsel, even if correct; but may add to, or change, the phraseology in order to make the language

more clear and explicit, or to prevent the jury from being misled.

If the defendant had desired a more explicit instruction relative to reasonable doubt, it was his right and duty to have prepared such an instruction and asked the court to give it. (*State* v. *Smith*, 10 Nev. 106; *Gaudette* v. *Travis*, 11 Id. 149; *Solen* v. *V. & T. R. R. Co.*, 13 Id. 153.)

Without further noticing the objections, it is sufficient to say that all the instructions as modified and given by the court are substantially correct, and that no error prejudicial to defendant appears therein.

The judgment of the district court is affirmed.