[No. 20947.   Department One. — January 14, 1893.]

'THE  PEOPLE, RESPONDENT, *v.*  CHARLES  D. DAVIS, APPELLANT.

CRIMINAL LAW — LARCENY — EVIDENCE — OWNERSHIP OF STOLEN PROPERTY — POSSESSION. — Proof that property which a defendant is charged with stealing was in the possession of the prosecutrix at the time of the taking is sufficient evidence of the ownership by her.

ID. — INFORMATION — TAKING AGAINST WILL OF OWNER. — It is not necessary to allege, in an indictment or information for larceny, that the property was taken against the will of the owner. Consent of the owner to the taking is matter simply of defense, and the absence of it does not enter into a *prima facie* case, and need not be averred or proved by the prosecution.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. W. Holcomb*, for Appellant.

*Attorney-General W. H. H. Hart*, for Respondent.

GAROUTTE, J. — Appellant was convicted of grand larceny, and appeals from the judgment and order denying his motion for a new trial.

Upon a careful examination of the instructions of the

court given to the jury, we have no fault to find with them.

It is insisted that the evidence is insufficient to support the verdict.

Davis was charged with stealing a pocket-book and one five-dollar gold piece, all of said property being of the value of six dollars; and it was further charged to be the property of Jane Doe, and taken from her person. Doe was not present at the trial, neither was her testimony before the jury in any form. It is now claimed that no evidence was introduced showing that the property alleged to have been stolen was her property, or that it was taken against her will. The evidence of eye-witnesses showed that the pocket-book was taken from the woman by appellant while she was standing up in a crowded street-car, and the manner of the taking strongly indicates the act of a professional pickpocket. The fact that the property was in the possession of Jane Doe at the time of the taking is sufficient evidence of the ownership by her. It was said in *People* v. *Nelson*, 56 Cal. 82: "The money was in the possession of Ah Chung, and was taken from his person by the defendants. Therefore it was presumptively his property, and that was sufficient proof of ownership."

Under the Penal Code of this state, it is not necessary to allege in the indictment or information that the property was taken against the will of the owner. There is nothing found in the definition of larceny to that effect. Bishop on Criminal Procedure, sec. 752 a, says: "But such consent is, at the common law, matter simply of defense, and the absence of it does not enter into a *prima facie* case. Hence non-consent is not averred in the indictment, and it need not be proved."

In the state of Texas, non-consent is made by statute a material element in the definition of larceny, yet in that state the courts hold that such fact may be proven by circumstantial evidence, and there can be no question but that in many cases the mere act of taking is of

such character that non-consent would follow as an ir-. resistible conclusion.

The affidavits offered of newly discovered evidence are wholly insufficient to justify the granting of the motion for a new trial.

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.