[No. 2079]

# STATE OF NEVADA, RESPONDENT, *v.* CHARLES PATCHEN AND JAMES BURKE, APPELLANTS.

1. CRIMINAL LAW—BURGLARY—PROOF OF NONCONSENT—PRACTICE.
     In a prosecution for burglary, where all the circumstances are indicative that the breaking or entry was without consent, if defendant desires to take advantage of the failure of the owner to testify directly to the fact of want of consent, he should raise the question at the proper time at the trial.

2. CRIMINAL LAW—BURGLARY—PROOF OF NONCONSENT.
     In a prosecution for burglary, where all the circumstances are indicative that the breaking or entry was without consent, it is immaterial that the owner or person in possession, during the course of his testimony, failed to testify specifically that the entry was without consent.

3. CRIMINAL LAW — BURGLARY — PRESUMPTION FROM UNLAWFUL ENTRY.
     Under Revised Laws, sec. 6635, it is presumed from an unlawful entry that the same was with the intent to commit larceny, unless such entry is satisfactorily explained.

4. CRIMINAL LAW—INSTRUCTIONS—MODIFICATIONS.
     A requested instruction in part read: "The gist of the crime of burglary is the entering of a store with intent to steal the goods contained in the said store, regardless of the fact whether or not there was an actual stealing of the said goods." The trial judge drew a line through the word "regardless" and the words following and marked the instruction "Given as Modified." *Held*, not error, but the method of modification is criticized.

5. CRIMINAL LAW—EVIDENCE—STATEMENTS OF DEFENDANTS OFFERED BY STATE.
     Statements or explanations made by the accused at the time of arrest may be introduced as a part of the state's case without binding the state to the truthfulness of such statements unless contradicted. The reasonableness of such statements is a matter entirely for the jury.

APPEAL from Second Judicial District Court, Washoe County; *T. F. Moran*, Judge.

Charles Patchen and James Burke were convicted of the crime of burglary, and they appeal. **Affirmed.**

The facts sufficiently appear in the opinion.

*Thomas E. Kepner*, for Appellants.

*Geo. B. Thatcher*, Attorney-General, for Respondent.

By the Court, McCarran, J.:

This is an appeal from the judgment of the Second judicial district court and from the order of that court denying appellants' motion for a new trial. Appellants were convicted of burglary in the first degree, after having been tried on an indictment, the charging part of which reads as follows:

"That said defendants on the 10th day of March, A. D. 1913, or thereabouts, and before the finding of this indictment, at and within said county of Washoe, State of Nevada, did then and there, wilfully, unlawfully, feloniously and burglariously enter that certain store situate at the southeast corner of Commercial Row and Virginia Street, in the city of Reno, county of Washoe, State of Nevada, with the intent, then and there, to steal, take and carry away the goods and chattels of Joseph Caton and A. J. Caton, copartners doing business under the firm name and style of Joseph Caton & Son, in the said store contained; the aforesaid store being then and there owned by and in the use, possession and occupancy of the said Joseph Caton & Son."

1, 2. The appellants in this case, after verdict and before judgment, moved the court for a new trial upon several grounds, one of which was that the verdict of the jury was contrary to the evidence and was not sustained by the evidence introduced in the case, for the following reasons: "There is no evidence in this cause, and was no evidence before said jury, to show nonconsent of the owners, or alleged owners, of said goods and chattels, to the alleged larceny, and it is a well-established rule of law that where the owner is called as a witness, in a case where the indictment charges a burglarious entry with intent to commit larceny, circumstances tending to show nonconsent will not suffice, and the failure of the owner to testify as to nonconsent is fatal."

As appears from the transcript and proceedings of the trial, Joseph Caton, the senior member of the firm of Joseph Caton & Son, and one of the owners of the cigar store alleged to have been burglarized, was called as a

witness in behalf of the state, and testified at length as to the location of the cigar store; the time at which he left the place on the evening of the 9th of March (the night before the burglary); as to having locked the place with a padlock at the time of leaving; and he further testified to having been called on the telephone by a member of the police force at about 2:30 on the morning of the 10th and as to having immediately gone to the cigar store and having found the outside window broken.

The last question propounded to the witness Caton by the state was as follows:

Q. Do you know of your own knowledge who broke into it?  A. No, I do not.

The testimony of Captain Chas. Tremblay, one of the arresting officers in this case, is to the effect that between 2 and 3 o'clock on the morning of the 10th of March, he was in front of the Arcade saloon, a distance of one hundred and forty or one hundred and fifty feet from the cigar store alleged to have been burglarized. His attention was directed by the sound of breaking glass. He looked up the street and saw two men at the cigar store, and then he called his fellow officer and went up the street and found the defendants standing at the cigar stand. Some of the merchandise was on the window sill, commonly used as a counter, and some was on the sidewalk. On the person of defendant Burke he found two packages of gum of the same kind and character as that contained in the showcase in the cigar store, which showcase he also found broken. At the time of the arrest defendant Patchen had a fresh bleeding wound on one of his fingers, and, as disclosed by the testimony at the preliminary examination, the officer discovered blood on some of the articles spread about the window sill. At the time of making the arrest the defendant Burke said that he was going to buy some tobacco. The defendant Patchen at or about the same time said that he and his partner came along and found the stuff on the sidewalk.

Counsel for appellants contends that the state failed to make out its case in that it did not show by the witness

Caton upon the stand that the breaking and entry were without his consent and in support of their contention, after paying a high tribute to the Supreme Court of Criminal Appeals of the State of Texas, cite the case of *Ridge* v. *State,* 66 S. W. 774, and *Young* v. *State,* 42 Tex. Cr. Rep. 301.

It will be observed from a careful consideration of the decisions rendered·by·the Court of Criminal Appeals of the State·of Texas that in dealing with the subject of nonconsent in burglary cases that court has taken many different positions, and in fact in a very recent case (*Brown* v. *State,* 125 S.W. 916)· the court held that in a trial for burglary, where the indictment charges that the burglary·was with the intent to steal, it is essential to both allege and prove the want of consent of the owner or person in possession, ·but even in that case the court held that proof of nonconsent might be established by circumstantial evidence which ·would absolutely exclude every reasonable presumption that the owner gave his consent.   It will be observed in this recent decision the court held that, in a case where the prosecution relied upon circumstantial evidence to prove nonconsent, having the owner ·or party in ·possession on the stand as a witness, it was necessary, if the· defendant objected to the proving of nonconsent by circumstantial evidence, that he interpose his objections ·in the court below and bring the matter to the attention of that court at the proper time.   In this respect the court said: "There is no doubt of the correctness of this proposition, and had objections been made in the court below, and a proper bill of exceptions reserved, showing that such circumstantial evidence was objected to when tendered on the trial, this court would have been compelled to have held that the testimony was not sufficient." ·

It is our judgment that in a. case of this kind the trial court should have been apprized of the position taken by the defendants at the proper time.   As has already been stated, the Court· of Criminal Appeals of Texas has announced contrary rules on several occasions on this subject.

In the case of *McMahon* v. *State,* 1 Tex. App. 105, that court said: "But it is contended that the evidence does not show, in a satisfactory manner, that the taking was without the consent of the owner of the property. Whilst it is conceded that the want of consent of the owner to the taking, in a charge of theft, is a necessary ingredient to the crime, yet it is believed that this want of consent may be established by circumstantial, as well as direct, testimony. This we regard as a settled proposition, laid down by the elementary writers, and acted on by our own supreme court, without variation, from the decision in *Henderson* v. *The State,* 14 Tex. 503, down to the present time."

In the case of *Erskine* v. *State,* in the same report, at page 406, the same court said: "It is held,'when nonconsent is an essential ingredient in the offense, as it is here, direct proof alone from the person whose nonconsent is necessary can satisfy the rule. You are put to prove a negative, and the very person who can swear directly to the necessary negative must, if possible, always be produced. Other inferior proof cannot be resorted to until it is impossible to procure the best evidence.' (1 Phillips on Ev. 635.) * * * These rules have been so far modified, it seems, as that the want of consent may be proved by circumstantial evidence. * * * But this modification would not do away with the necessity of proving the want of consent to the taking, by the person whose consent was necessary, by either direct or circumstantial evidence. His consent being necessary to authorize the taking, so as to relieve the party from the consequences of taking without consent, his want of consent might be proved by circumstantial evidence."

It must be observed in the case at bar that appellants are charged with the crime of breaking and entering, with intent to commit larceny. The actual asportation is not charged. In the case of *Ridge* v. *State,* relied upon by appellants, the Court of Criminal Appeals of the State of Texas, in deciding that case, cited as authority the

case of *Wisdom* v. *The State*, 61 S. W. 926, and in the latter case it appears that, passing upon a similar question, they decided that proof of nonconsent to the entry was not necessary.

In the case of *Willis* v. *The State*, 25 S. W. 1119, the Court of Criminal Appeals of the State of Texas held that it was not error on the part of the trial court to refuse to charge the jury that the state must prove the want of consent of the owners or parties in possession.

In the case at bar it is our judgment that the circumstances proven establish the want of consent almost conclusively. The entry was accompanied by the breaking of the glass window; it was accomplished at an hour, and time, and in a manner that absolutely precluded the idea of consent of the owner or party in possession. It is manifest from the record that the entry was made with the intent to do more than merely enter, for it is disclosed that the small showcase in the interior of the cigar store was broken into and on the person of one of the defendants was found packages of merchandise similar to those contained in the showcase. Moreover, the testimony of witness Caton, who from all the record appears to have been the party in possession, discloses that he had no knowledge as to who broke into the cigar store. His answer in this respect excludes all idea of consent.

3. The statute under which the defendants were convicted (Rev. Laws, 6634) is as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary. Every burglary committed in the nighttime is burglary of the first degree, and every burglary committed in the daytime is burglary of the second degree," etc.

Section 6635 of the Revised Laws provides: "Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in the

last preceding section shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

By the last section the unlawful breaking and entering or the unlawful entering carries with it a presumption of intent to commit larceny. Circumstances may be presented by the evidence during the course of a trial for such an offense which would eliminate the idea of criminal intent.

4. Appellants assign error in the giving of instruction No. 9 principally upon the ground that the court, in modifying the instruction, instead of erasing the portion which it intended to eliminate, struck the same out by drawing a line through it. The instruction reads as follows:

"You are further instructed that, in order to constitute the crime of burglary, it is not necessary to prove that the defendants, or either of them, actually stole, took or carried away any of the goods and chattels of Joseph Caton & Son, contained in the store alleged in the indictment to have been burglarized. The gist of the crime of burglary is the entering of a store with the intent to steal the goods contained in the said store, regardless of the fact whether or not there was an actual stealing of the said goods."

Through the words "regardless of the fact whether or not there was an actual stealing of the said goods" the court drew a line and endorsed the instruction "Given as modified." We can see no merit in appellants' objection to this instruction as modified, or the manner in which it was modified; for, had the court seen fit to give the entire instruction without modification or without an attempt to eliminate the words through which a pen line was drawn, it would have correctly stated the law.

This court held, in the case of State v. Simpson, 32 Nev. 143, that the offense of burglary is completed when the house or other building is entered with the specific intent

designated in the statute. The actual stealing or attempt to steal property therein is only evidentiary to the criminal intent. Hence, as we have already stated, had the court seen fit to give the entire instruction without striking any portion of it, no error would have been committed, but, as the court saw fit to strike the latter portion of the instruction by drawing a pen line through the words, it was thereby manifest that it was the intention of the court to eliminate those words, and any intelligent person must necessarily have so regarded it.

This manner of amending instructions by striking out so as to leave the words stricken out legible is not to be subscribed to. This is a practice that in our judgment should not be followed by trial courts. It is a saving of time at the hazard of injury and perhaps error.

5. It is the contention of the appellants that, the prosecution in this case having introduced evidence as to statements made by the defendants at the time of the arrest, the state is bound by the credit given to the statements or admissions of appellants by offering the statements or admissions in evidence and cannot now insist upon the conviction of appellants upon that portion of the evidence which tends to show burglary. If the statements of the defendants, made at the time of the arrest, constituted the only evidentiary fact or circumstance against them, the contention of appellants in this respect might admit of more serious consideration. Under the theory of appellants the state would have been precluded from disproving exculpatory statements or admissions of the parties at the time of arrest or during the actual perpetration of the crime, notwithstanding the fact that such statements or admissions, even if not introduced by the state, could be introduced and relied upon by the accused as part of the *res gestæ*. This contention we think is not well founded.

In the case of *Oldham* v. *State*, the Court of Criminal Appeals of the State of Texas in passing upon this question said: "The state is not necessarily bound by every statement made by a witness introduced by it, but

the jury has a right to consider all the surrounding circumstances." (*Oldham* v. *State,* 108 S.W. 667.)

Where, in a case of this kind, the prosecution introduced statements made by the accused as a part of the state's case in chief, the weight to be given to such statements is a question for the jury, and the prosecution is not bound by them, even though they be not shown to be untrue. (*Gankvo Mitsunaga* v. *People,* 129 Pac. 241.)

Statements or explanations made by the accused at the time of the arrest may be introduced as part of the state's case in chief, but the improbability of the statements or explanations may be so apparent that the jury will not believe them even though they be not contradicted. Their reasonableness is a matter entirely for the jury. (*State* v. *Mandich,* 24 Nev. 336.)

In a criminal case the question of the guilt of the accused is always with the jury and, even if a reasonable explanation is given, the defendant is not entitled to an instruction that the prosecution must show the explanation to be false. (*Wilson* v. *State,* 34 S. W. 284; *Wheeler* v. *State,* 34 Tex. Cr. 350.)

Considering all the circumstances in this case as they are disclosed by the record, it is our judgment that the verdict of the jury in this case was supported by the evidence, and we find no error committed by the trial court, the nature of which would be prejudicial to appellants. It, therefore, follows that the judgment of the trial court and the order denying appellants' motion for a new trial should be affirmed.

It is so ordered.

NORCROSS, J.: I concur.

TALBOT, C. J., concurring:

I concur in the foregoing opinion, except as indicated herein.

From a conviction of burglary and an order denying a motion for a new trial defendants have appealed.

On the trial Joseph Caton, senior member of the firm of Caton & Son, and one of the owners of the store burglarized, testified on behalf of the state as to the location

of the store at the southeast corner of Commercial Row and Virginia Street, in the city of Reno; that he closed and locked and left the place about 11 o'clock the night of the burglary, and was called up by telephone by a member of the police force about half-past 2 o'clock that night, and went immediately to the cigar store and found that the outside window had been broken.

One of the grounds upon which defendants moved for a new trial was that there was no evidence to show nonconsent of the owners of the goods and chattels, and that "it is a well-established rule of the law that where the owner is called as a witness in cases where the indictment charges a burglarious entry with intent to commit larceny, circumstances tending to show nonconsent will not suffice, and the failure of the owner to testify as to nonconsent is fatal."

In support of this contention we are referred more especially to Texas cases, holding that if obtainable the testimony of the owner that he did not consent must be supplied. These opinions are not in harmony with others in the same state, and are contrary to the common law and the practice prevailing in most of the other states. It is somewhat unusual to find conflicting opinions of the same court written by the same judge published in the same report. In *McMahon* v. *State*, 1 Tex. App. 105, and in *Rains* v. *State*, 7 Tex. App. 588, it was held that the owner need not be called to prove nonconsent; and in *Erskine* v. *State*, 1 Tex. App. 405, and *Jackson* v. *State*, 7 Tex. App. 363, it was held that he must be called. In *Wilson* v. *State*, 12 Tex. App. 487, it was held that both the owner and possessor must be called, if available, before resorting to circumstantial evidence. Among the other cases in that state which are not in harmony are *Wisdom* v. *State*, 42 Tex. Cr. 579, *Bowling* v. *State*, 13 Tex. App. 338, *Henderson* v. *State*, 14 Tex. 504, *Dresch* v. *State*, 14 Tex. App. 175, and *Williamson* v. *State*, 13 Tex. App. 514. The cases in Texas holding that there must be direct evidence of the nonconsent of the owner, and the one in Nebraska so holding, which has been overruled, apparently resulted from Phillips on Evidence, 635,

which followed an early case in England which was
afterwards repudiated and never became the law gen-
erally in that country.    In the English case, *R. v. Rogers*,
2 Camp. 654, under an indictment for coursing a deer
without the consent of the owner, it was held in the year
1811 that the owner must be called to negative the con-
sent; but in cases fifteen years later, *R. v. Hasy*, 2 C. &
P. 458, for cutting timber without the owner's consent,
and in *R. v. Allen*, 1 Moo. C. R. C. 154, for killing deer
without the owner's consent, it was held that direct
evidence of nonconsent of the owner or landlord was not
required.    In Nebraska, following Phillips on Evidence
and the early English case, it was held that the owner
must be called to prove that he did not consent (*Rema v.
State*, 52 Neb. 376; *Perry v. State*, 44 Neb. 415).    Later,
the supreme court of that state declined to adhere to
that rule, and in *Wiegrefe v. State*, 66 Neb. 23, and *Von
Syoc v. State*, 69 Neb. 522, said: "All the circumstances
surrounding the alleged larceny were inconsistent with
a taking with the consent of the owners; and want of
consent may be inferred from circumstances shown in
evidence, as well as by direct testimony that none was
given."

In *Hurst v. Territory*, 16 Okl. 600, 86 Pac. 280, it was
held that under an indictment for larceny of an animal it
was not necessary to allege or prove the nonconsent of
the owner of the stolen property.    See, also, *State v.
Booth*, 46 Mont. 326, 127 Pac. 1017.

In *People v. Davis*, 97 Cal. 194, 31 Pac. 1109, after citing
*People v. Nelson*, 56 Cal. 82, the court said:  "The money
was in the possession of Ah Chung, and was taken from
his person by the defendants.    Therefore it was pre-
sumptively his property, and that was sufficient proof of
ownership.    Under the penal code of this state it is not
necessary to allege in the indictment or information that
the property was taken against the will of the owner.
There is nothing found in the definition of 'larceny' to
that effect."

The question is considered by Prof. Wigmore at section
2089, volume 3, of his work on Evidence, in which he

says: "At the suggestion of two eminent American writers and judges, based upon a single English ruling afterwards repudiated, a rule came near to be built up that, on a charge of larceny, the evidence that the taking was done against the owner's consent must include the owner's testimony as an indispensable element.  *  *  * This proposed rule—which might, perhaps, be more correctly classed as a rule of preference—had but a slight foundation.    Premised by · certain unimportant English rulings as to the burden of proof in showing a negative, there came a single tentative ruling requiring, in proof of nonconsent, the testimony of the person whose nonconsent was affirmed.    This was afterwards wholly repudiated· in England.·  Nevertheless, the approval of the eminent writers above quoted gave the question a vogue in this country, and· left it a living one long after the suggestion had been· negatived in England.    In at least three jurisdictions the suggestion seems to have· become the law, and perhaps in one or two others.    In the remainder no notice of the suggestion has in general been taken.    So far as the ·policy of it is concerned, there is nothing to be said in its favor.    The accused is amply protected by the rule of reasonable doubt, and the proposed rule merely adds an unnecessary complication and an opportunity for contriving ·a verbal trap for the judge in his instructions to the jury."

At section 752a, Bishop's New Criminal Procedure, it is said: "At common law, except under such special circumstances as will vary the rule only to outward appearance, if the owner of a ·chattel consents to another's taking it, such taking cannot be larceny.    If the ·consent was given, it is matter simply of defense.    Hence nonconsent is not averred in the indictment, and it need not be proved.    But in a few of our states there are, as in Texas, statutory larcenies whereof. nonconsent is an affirmative element; thus, 'without the consent of the owner.'    Then nonconsent must be alleged by the prosecutor and proved.    In such a case, while we have seeming rulings that the agent or his owner must be called to the nonconsent, the better doctrine accepts, as adequate

in law, circumstantial evidence and the testimony of other witnesses."

In order that the rights of accused persons may be properly safeguarded, there is no necessity, under a statute like ours, which does not demand it, for the enforcement of so strict a rule as one requiring the owners and possessors of property stolen or burglarized to take the stand and testify directly that they did not consent. In this day and generation, when an accused person in this country is allowed counsel and to take the stand and have witnesses produced in his behalf, and when the state is required to satisfy every one of twelve disinterested jurors beyond a reasonable doubt that he is guilty before conviction can be secured, there is no good reason why in burglary and larceny the nonconsent of the owner must be proved by his direct testimony, nor why it may not be shown by circumstances, the same as any other fact, if the circumstantial evidence indicates it and the other essential elements of the crime beyond a reasonable doubt. To exact the direct testimony of the owner that he did not consent, when this is shown by the circumstances, is not only to require a vain thing, but would, in many cases where the owner is ill or absent, or is a corporation, tend to delay or obstruct the administration of justice without bringing any necessary safeguard to innocent persons accused of crime. The failure to have the owner testify that he did not consent to any breaking or burglary was not sufficient ground for a nonsuit nor for the granting of a new trial, because the circumstantial evidence indicated that he did not consent.

The testimony of one of the owners of the cigar store alleged to have been burglarized that he closed the store about 11 o'clock that evening and went home, and was called on the telephone by the police at about half-past 2 o'clock that night, and upon going immediately to the cigar store found the outside window broken, is satisfactory circumstantial evidence that there was an attempt to commit burglary and that the window was broken without his consent.

Talbot, C. J., concurring

When the circumstances proven will lead to the conclusion, as in this case, that the owner did not consent, if the accused wishes to avail himself of the consent of the owner he ought to be required to prove it and to overcome the case made for the state by the circumstantial evidence. Whatever doubt may exist as to whether the defendants broke the window or committed a burglary, does not pertain to the evident fact that the owners did not consent to the breaking. The state should not be required to show the facts by direct testimony, even when obtainable, if there is conclusive circumstantial evidence indicating the commission of the crime beyond a reasonable doubt.

If the accused wished to rely upon the consent of the owner as a defense, or desired to have his testimony in this regard, they were at liberty to use him as a witness and ask him whether he had given his consent, or take the stand and show by their own testimony that he had given his consent. No suggestion was made nor exception taken on the trial which called this objection to the attention of the court so that direct evidence would have been supplied if desired. If, in the nighttime, at the point of a gun, a man is relieved of his money, there would be as much necessity for his testimony that he did not consent as in this case. The rule is well settled that when the ground of the objection is not specified, and the exception promptly taken on the trial, the objection is waived. (*McGurn* v. *McInnis*, 24 Nev. 370; *Finnegan* v. *Ulmer*, 31 Nev. 523; *State* v. *Williams*, 31 Nev. 360; *State* v. *Jacobs*, 7 Nev. 408; *State* v. *Mangana*, 33 Nev. 511; *State* v. *Foster*, 136 Mo. 653; *State* v. *Clark*, 36 Nev. 472; Wigmore on Evidence, sec. 20.) It is also well settled by numerous cases in this court that any technical error which does not prejudice the substantial rights of the accused is not ground for the reversal of a verdict of the jury. (*State* v. *Mircovich*, 35 Nev. 485; *State* v. *Clark*, 36 Nev. 472.) As the circumstances indicated the nonconsent of the owner, his failure to testify that he did not consent did not prejudice the defendants.

As offered to the court, instruction No. 9, to which exception is taken, reads: "You are further instructed that, in order to constitute the crime of burglary, it is not necessary to prove that the defendants, or either of them, actually stole, took, or carried away any of the goods and chattels of Joseph Caton & Son, contained in the store alleged in the indictment to have been burglarized. The gist of the crime of burglary is the entering of the store with the intent to steal the goods contained in said store, regardless of the fact whether or not there was an actual stealing of the said goods."

The instruction was given as modified by drawing a pen through the clause "regardless of the fact whether or not there was an actual stealing of the said goods." It would have been sufficient to have eliminated the words "the fact." There is no particular harm in crossing over part of the words in an instruction and leaving them legible, unless they state some matter which is not the law or which is prejudicial, in which case they should be obliterated so as not to be discernible, or the instruction should be rewritten before given to the jury. This instruction is attacked as leaving to "one side the entire question of burden of proof, presumption of innocence, reasonable doubt, and as being biased, one-sided and misleading." It properly told the jury that it is not necessary that there be an actual stealing or taking of goods in order to constitute the crime of burglary. Under the statute, entering with intent to steal constitutes the crime. It was not necessary to have every legal proposition covering the case stated in the instruction; and, if the defendants desired instructions on other principles of law applicable, it was their privilege to have them drawn and to request that they be given to the jury. (*State* v. *Hing*, 16 Nev. 307; *State* v. *St. Clair*, 16 Nev. 207; *State* v. *Davis*, 14 Nev. 407; *State* v. *Pritchard*, 15 Nev. 74; *State* v. *Raymond*, 11 Nev. 98.)

It is also claimed that the verdict is contrary to the evidence and the law. It is urged in the brief that the "officer testified that the defendant Patchen said when

Talbot, C. J., concurring

arrested that the window was broken and the goods scattered on the pavement when defendants arrived at the cigar stand; that they picked the things up and placed them on the window sill or counter, and that the defendant Burke said when asked what he was doing that 'they wanted to buy some tobacco.' Was there anything criminal about such conduct? The place was ablaze with light, the window wide open." It is said that the testimony introduced by the state is inconsistent with the crime of burglary, and that the state is bound by its evidence, including proof of the statement made by the defendants. As they were found at the counter by the broken window of the cigar store between 2 and 3 o'clock in the morning, when the street was usually deserted, and the officer testified that while he was on the sidewalk a few doors away he heard the breaking of the glass, and the interval from that time until the arrest of the defendants at the cigar stand being so brief, and considering the proximity of the officers and the defendants, it seems improbable that any other person could have broken into the cigar store without having been observed by the defendants and the officers.

There was evidence for the jury to consider sufficient to sustain the conviction. Nor should the state be bound by the self-serving declarations of defendants, not under oath, made at the time they were arrested, that they wanted to buy tobacco, when other circumstances were proved by the state from which the jury may have inferred that they had broken through the window and committed burglary.