GEORGE JOHNSON, Jr., Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7527

January 17, 1974 518 P.2d 161

---

*Morgan D. Harris,* Public Defender, and *Martin R. Boyers,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On March 19, 1973, an employee of a grocery store located in Las Vegas, Nevada, observed appellant taking steaks and hiding them under his coat. When appellant left the store without paying for the merchandise the employee followed, apprehended him, returned him to the premises and delivered him to the store manager, who advised him that he was under arrest and that the police had been summoned.

A confederate of the appellant then entered the store and, with the aid of a small calibre revolver, effected appellant's release. The two men fled from the store but were later apprehended by the police in another grocery store, at which time a small calibre revolver was found on the person of the confederate.

Appellant was ordered to stand trial for escape (NRS 212.-090).[1] Thereafter, he filed a petition for habeas corpus in the

---

[1]Escape of one lawfully in custody was recognized as a distinct and separate crime under the common law. Escape first appeared as a statutory crime in this state on March 1, 1866, when the legislature enacted, in three separate sections, "An Act supplementary to an Act entitled 'An Act concerning Crimes and Punishments,' approved [by the Territorial Legislature] November twenty-sixth, eighteen hundred and sixty-one." See Stats. of Nev. 1866, p. 166. This statute was subsequently codified in Gen. Stats. of Nev. §§ 4748–4750, p. 1055–1056; the three separate offenses were rewritten as two offenses and codified in Cutting,

district court challenging the efficacy of the charged offense. This appeal is taken from the order denying the requested relief.

Appellant's contention on appeal is that he was only a suspected shoplifter being forcibly detained by store employees; and not subject to prosecution under NRS 212.090 because the application of that statute is limited to one whose freedom has been curtailed by formal judicial proceedings. In support of his contention he argues that the opinion of this court in State v. Angelo, 18 Nev. 425, 4 P. 1080 (1884), requires that the prisoner making the escape be lawfully incarcerated pursuant to a "judgment of imprisonment".

1. Appellant reliance on *Angelo* is misplaced because there the accused was an inmate of the state prison at the time he escaped. He was charged under the section of Stats. of Nev. 1866, p. 166, which provided penal sanctions for the specific offense of escape from the state prison.[2] The next section of the same statute provided penal sanctions for the escape of any person "lawfully confined in a county jail, *or in the custody of any* officer or *person, under a lawful arrest, . . .*" Stats. of Nev. 1866, p. 166, § 2.[3] *Angelo* is inapposite to the factual context of this proceedings. Cf. Ex Parte Ah Bau, 10 Nev. 264 (1875).

---

Comp. Laws of Nev., 1861–1900, as §§ 4839 and 4840. In the 1911 statutory revision the separate offenses were combined into a single statute which read: *"Every prisoner* confined in a prison, or *being in the lawful custody of an officer or other person, who shall escape* or attempt to escape from such prison or custody . . ."* Rev. Laws of Nev., 1912, § 6339. The identical language was carried forward as § 10023, Nev. Comp. Laws, 1929, and by Stats. of Nev. 1967, ch. 211, § 226, p. 524, now codified as NRS 212.090.

[2]"Section 1. Every person lawfully confined in the State Prison of the State of Nevada, under judgment of imprisonment in said prison, who shall escape therefrom, or break out of such prison, or make any overt attempt to escape from or break out of such prison, shall, on conviction thereof be punished by imprisonment in the State Prison not less than one nor more than ten years."

[3]"Sec. 2. Every person lawfully confined in a county jail, or in the custody of any officer or person, under a lawful arrest, who shall escape or break away from such officer or person, or shall escape from or break out of, or attempt to escape from or break out of, such jail, shall, on conviction thereof, be punished by a fine of not less than one hundred and not more than five thousand dollars, or by imprisonment in the county jail for a term not less than one month, and not more than one year, or by both such fine and imprisonment; and in case such person is under arrest, or confined in jail, upon a charge of felony, and so escape, or break away from, such arrest, or escape from, or break out of, or attempt to break out of, such jail, then, upon conviction, he shall be punished by imprisonment in the state prison not less than one nor more than ten years."

Appellant does not suggest the store employees lacked probable cause to take him into custody and detain him. Neither does he challenge the reasonableness of his detention. Furthermore, during argument at the hearing in district court, appellant's counsel acknowledged that a citizen's arrest of appellant would have been permissible under NRS 171.126.[4]

On the date of the charged crime NRS 598.030(3) provided: "Any merchant who has probable cause for believing that merchandise has been wrongfully taken by an individual and that he can recover such merchandise by taking such individual into custody and detaining him may, for the purpose of attempting to effect such recovery or for the purpose of informing a peace officer of the circumstances of such detention, take the individual into custody and detain him, on the premises, in a reasonable manner and for a reasonable length of time. Such taking into custody and detention by a merchant shall not render such merchant criminally or civilly liable for false arrest, false imprisonment, slander or unlawful detention unless such taking into custody and detention are unreasonable under all circumstances."[5]

If at the time appellant escaped he was in the custody of the store manager and under lawful arrest then he was subject to prosecution under NRS 212.090 and a formal or judicial charge against appellant was not required.

"[*Custody*] is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical of imprisonment or of taking manual possession."

" 'Custody' means a keeping, guardianship, the state of being held in keeping or under guard, restraint of liberty, imprisonment, . . ." See Black's Law Dictionary, 460–461 (4th Rev. Ed. 1968).

Under the facts of this case it is clear that, pursuant to NRS 598.030(3), the store manager had the authority to place

[4]171.126 ARRESTS BY PRIVATE PERSONS. A private person may arrest another:

1. For a public offense committed or attempted in his presence.

2. When the person arrested has committed a felony, although not in his presence.

3. When a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it.

[5]The last session of our legislature deleted the requirement of *"probable cause for believing* that merchandise had been wrongfully taken" and substituted therefor, *"reason to believe"* that merchandise was wrongfully taken. See Stats. of Nev. 1973, ch. 305, p. 376.

appellant under arrest and when he escaped he was chargeable with a violation of NRS 212.090. Ex Parte Ah Bau, *supra.*

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.