70 U.S. 420
 18 L.Ed. 263
 3 Wall. 420
 DE SOBRY
v.
NICHOLSON.
 December Term, 1865
 
 THE Judiciary Act declares that the assignee of a chose in action shall not recover in a suit brought on it in the Federal courts, 'unless a suit might have been prosecuted in such courts, &c., if no assignment had been made.'
 With this provision in force, a partnership in Pennsylvania, of which a certain Nicholson was one member, and Armstrong and others the remaining partners, made a contract with De Sobry, of Louisiana, 'to build a mill' on his plantation. The Pennsylvania partnership, after the contract was made, went into liquidation, Nicholson remaining the liquidating partner; and after it had gone into liquidation, Armstrong became a resident of Louisiana, where, as already said, De Sobry also lived.
 De Sobry not fulfilling his part of the contract, Nicholson brought suit against him in the Louisiana Circuit. Nicholson's declaration, or 'complaint.' as the old narratio appears to be called in that State, originally French, set forth the contract of De Sobry (entitled of Louisiana) with the Pennsylvania firm, the firm's then citizenship in Pennsylvania, the dissolution of the firm 'before the completion of the contract,' and that he, Nicholson, of Pennsylvania, 'became liquidator of its affairs and owner of all its contracts.' The plaintiff then represented that 'the contract was fully executed on his part,' and that the mill had been completely 'put up and delivered, according to the contract on his part.'
 The defence of De Sobry, denying generally the allegations of Nicholson, and that Nicholson was 'the transferree' of the Pennsylvania firm, and showing further wherein the contract was not fulfilled, prayed that judgment might be rendered, 'in reconvention (cross-demand), in his favor, against the said Nicholson.'
 On the trial the defendant proved the fact that, at the time of the suit brought, Armstrong was, with De Sobry, a resident of Louisiana, and moved to dismiss the case for want of jurisdiction, under well-known principles of the court, for identify of citizenship between the parties suing.
 The court overruled the motion; and the defendant excepting, the case, after verdict and judgment for the plaintiff, came here on error.
 Mr. Dobbin, for the plaintiff in error: The citizenship of the parties to the proceeding is no doubt sufficiently set forth; but it is not so as to that of the members of the firm with whom De Sobry, the here plaintiff in error, is alleged to have entered into the contract on which the action is founded. The allegation as to their citizenship does not refer to the time of the institution of the suit, as it should do, but to the date of the contract. Since that date and before bringing the suit it was changed. The language of the Judiciary Act would seem to establish, by itself, without need of interpretation, that whenever there is a suit upon a chose in action assigned, the assignor must be (and of course must be distinctly alleged to be) a citizen of a different State from that of the defendant, at the time of suit brought. And this is conceded by the authorities.[1]
 That the defendant in error claims as assignee, is manifest from the petition itself; for, according to its allegations, he was but one of the original contractors, and only became 'owner' of the contract upon the dissolution of the firm, the date of which is not set forth. Of course, he could only have acquired the sole interest in a joint contract by assignment of the interests of his co-contractors. Nor does he even aver that he himself wholly performed the contract, or that no part of it had been performed before he became owner. On the contrary, he only and cautiously charges that he became owner 'before the completion of the contract,' and the part which he alleges that he performed was simply that of 'delivering' and 'putting up' the mill; not that of 'building' it, which was the heaviest part of the job for which the contract provided.
 The case, therefore, stands upon the ordinary ground of a chose in action assigned, and is not only not excluded from the operation of the Judiciary Act, but seems to be clearly brought within it by the decision in McMicken v. Webb,[2] in this court.
 It may be added, with propriety, that the abuse of jurisdiction, against which the section of the Judiciary Act relied on by us was levelled as a matter of policy and in prevention of fraud, is quite as likely to occur by contrivance, in cases of original joint interests, alleged to have become afterwards sole, as in cases where the assignor and assignee had, originally, no connection in the transaction.
 Mr. Wills, contra.
 Mr. Justice SWAYNE delivered the opinion of the court.
 
 
 1
 No exception can be considered here which was not taken in the court below.[3]
 
 
 2
 The point relied upon to reverse the judgment is not that the copartners of the plaintiff below could not assign their interests in the original contract so as to vest in him the right to sue in his own name alone, but that one of the assignors was, at the time of the commencement of the action, a citizen and resident of the same State with the defendant, and that hence the Circuit Court had no jurisdiction.
 
 
 3
 To this there are two answers.
 
 
 4
 The objection to jurisdiction upon the ground of citizenship, in actions at law, can only be made by a plea in abatement. After the general issue, it is too late. It cannot be raised at the trial upon the merits.[4] If a plea in abatement be filed with the general issue, the latter waives the former.[5] Where a plea in abatement is relied upon, the burden of proof rests upon the defendant.[6] In equity, the defence must be presented by plea or demurrer, and not by answer.[7] The court below properly overruled the motion.
 
 
 5
 We think, also, that a new contract between the plaintiff and the defendant, and its execution by the plaintiff, are substantially averred, and that the original contract is set out as inducement. It is said by the counsel for the plaintiff in error, that if such a contract be alleged, it is done with careful ambiguity and indefiniteness. Conceding this to be so, it is a case, not of a defective title, but of a title defectively stated, which is always cured by the verdict.[8]
 
 
 6
 JUDGMENT AFFIRMED WITH COSTS.
 
 
 
 [1]
 See Milledollar v. Bell, 2 Wallace, Jr., 334, 338, and cases cited; Thaxter v. Hatch, 6 McLean, 68.
 
 
 [2]
 11 Peters, 25.
 
 
 [3]
 Stoddard et al. v. Chambers, 2 Howard, 285; MdConald v. Smalley et al., 1 Peters, 620.
 
 
 [4]
 Smith et al. v. Kernochen, 7 Howard, 216.
 
 
 [5]
 Bailey v. Dozier, 6 Id. 30; Sheppard et al. v. Graves, 14 Id. 505.
 
 
 [6]
 Ib. 505, 512.
 
 
 [7]
 Livingston v. Story, 11 Peters, 351.
 
 
 [8]
 1 Chitty's Pleading (10th American ed.), 672. American ed.), 672.