## DAVIES and others v. LATHROP.

*(Circuit Court, S. D. New York. October 2, 1882.)*

1. **PRACTICE—REMOVAL OF CAUSE—WAIVER.**

    A party loses his right to object to the removal of an action from a state court, when it has been removed on the ground of the diverse citizenship of the parties, by going to trial and trying the cause without raising the objection.

2. **SAME—SECTION 5 OF ACT OF CONGRESS, MARCH 3, 1875.**

    Although section 5 of the act of congress of March 3, 1875, regulating the removal of causes, among other things directs the remanding of a cause if it shall be made to appear at any time that it does not really and substantially involve a controversy within the jurisdiction of the circuit court, it does not apply to such a case, and was intended evidently to apply only to causes which have been collusively removed.

*Benno Lowry*, for plaintiffs.

*R. W. De Forest*, for defendant.

WALLACE, C. J. The plaintiffs having brought this action in the state court, the defendant removed it into this court upon a petition alleging the plaintiffs to be citizens of the state of New York, and the defendant to be a citizen of the state of New Jersey. The case was tried in this court and resulted in a verdict for the defendant. The plaintiffs now move to remand the action to the state court upon the ground that, in fact, one of the plaintiffs was and is a citizen of the same state with the defendant. Concededly, the controversy not being a divisible one, the defendant was not entitled to remove the cause originally, and had a motion been made by the plaintiffs before the trial of the case the motion must have prevailed. The question now is, however, whether the plaintiffs, by their conduct, have not lost their right to have the action remanded. If it can be lost by waiver in any case, it has been lost here. It is not asserted that the defendant knew or had reason to suppose that either of the plaintiffs was a citizen of the same state with himself. It is therefore to be assumed that he was acting in good faith in removing the cause, but was mistaken as to a fact which was peculiarly within the knowledge of the plaintiffs. The plaintiffs, knowing the truth, chose, instead of moving to remand, and thereby correcting the mistake, to permit the defendant to incur the burden of a trial. Apparently they concluded to take the chances of trial, with the view of remaining silent if it should result favorably, but of springing the objection if it should result adversely. Such practice will not be willingly tolerated, because it is unjust to the party who has been subjected to the expense of a futile trial, and because it imposes upon the court the labor of

a nugatory proceeding. Unless the inflexible rules which require courts to entertain jurisdictional objections whenever urged must control, it should be held that plaintiffs have waived their right to assert now what good faith and a just regard to decorous procedure required them to assert before the trial of the action. Authorities are not wanting to the effect that a party may waive his right to insist that the court has not jurisdiction over the controversy because of the *status* of the parties; and these authorities address themselves to the precise point here, and decide that a party will not be permitted to show that the plaintiff and defendant are citizens of the same state in order to oust the jurisdiction of the court, unless he has availed himself of the right to do so by conforming to established rules of practice. Thus, a defendant will be precluded from showing this fact upon the trial when he has omitted to raise the point by a plea to the jurisdiction. He waives it by answering to the merits. *D'Wolf* v. *Rabaud*, 1 Pet. 476; *Evans* v. *Gee*, 11 Pet. 80; *Sims* v. *Hundley*, 6 How. 1; *Sheppard* v. *Graves*, 14 How. 505; *Sobry* v. *Nicholson*, 3 Wall. 420.

As is said by Chief Justice Waite in *Ry. Co.* v. *Ramsey*, 22 Wall. 322: "Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." The cases referred to show that the admission may be implied from the acts or omissions of parties, and is as effectual when so implied as though explicitly stipulated.

Upon analogy and principle it should be held that the party loses his right to object to the removal of an action, when it has been removed on the ground of the diverse citizenship of parties, by going to trial and trying the cause without raising the objection.

Although section 5 of the act of congress of March 3, 1875, regulating the removal of causes, among other things, directs the remanding of a cause if it shall be made to appear at any time that it does not really and substantially involve a controversy properly within the jurisdiction of the circuit court, the context indicates that the provision is intended to apply only to causes which have been collusively removed. The section was evidently intended to protect parties and the circuit courts from an abuse of the federal jurisdiction, by transferring to these courts controversies which are only colorably and not "really and substantially" those of federal cognizance. Cases may arise where the real character of the controversy is not made manifest until the trial. The section is "for the protection of the court as

well as the parties against fraud upon its jurisdiction." *Williams* v. *Town of Ottawa,* Sup. Ct., Oct. term, 1881. It should not be construed to apply to a case like this, where the removal was not collusive, and where the party now objecting by his conduct has admitted that the court had jurisdiction to hear and determine the cause.

The motion is denied.