PAIGE et al. v. TOWN OF ROCHESTER.

(Circuit Court, D. Vermont. May 11, 1905.)

1. RAILROADS—TOWN AID—SUBSCRIPTIONS—FEDERAL COURTS—JURISDICTION.

Where, under the terms of a town vote granting aid to a railroad company, no cause of action ever accrued to the railroad corporation, but did accrue to its receiver or the assignee of his successor who furnished funds to complete the road under an assignment of the subscription, the fact that the corporation could not have maintained an action in the federal courts to recover such subscription because it was of the same citizenship as the town did not deprive such assignee of the right to sue in the federal courts, under Rev. St. U. S. § 629, providing that federal courts shall not have cognizance of any suit to recover a chose in action in favor of an assignee, unless a suit might have been prosecuted in such court if no assignment had been made.

2. SAME.

Where an assignee of a chose in action is entitled to sue thereon alone in the federal courts, he and his assignees may sue there together as if no assignment had been made.

3. SAME—RECEIVERS—SUCCESSORS.

Where the receiver of a railroad corporation completed the road, and thereby became entitled to a town subscription, the receiver's successor was not an assignee, within Rev. St. U. S. § 629, providing that no suit shall be brought in the federal courts to recover a chose in action in favor of an assignee unless the suit might have been prosecuted in such court had no assignment been made.

4. SAME—SUBSCRIPTIONS—CONSIDERATION.

A town railroad aid subscription, in consideration of contributions of others to the railroad as a public work beneficial to the inhabitants of the town and the public, was based on a sufficient consideration.

5. SAME—CONTRACTS—EXECUTION.

Where a town railroad aid subscription provided that the selectmen of the town were authorized for and on its behalf to contract with the railroad company, which contract should embody the terms and conditions of the "foregoing vote," the making of the contract was merely authorized, and was not required to entitle the railroad's receiver to the benefit of the subscription on compliance with the terms of the vote.

6. SAME—PARTIES.

Where a railroad contractor to whom a right to a subsidy had been assigned by the railroad's receiver assigned the same to plaintiff to secure funds with which to complete the road, and had no interest in any of the property, the mere fact that he had a right to redeem did not make him a necessary party to an action to recover such subsidy, the receiver, who was a party, being entitled to redeem from him.

In Equity.

Eleazer L. Waterman, for plaintiff.

William B. C. Stickney, for defendant.

WHEELER, District Judge. According to the bill, the White River Valley Electric Railroad Company was chartered to build a railroad from Rochester to Bethel, was organized, and solicited

subscriptions and aid for building its road. The defendant town, pursuant to the laws of the state, voted to aid the project as follows:

"(1) Whereas, the General Assembly of the state of Vermont, at its session held in the year 1896, passed an act (Laws 1896, p. 311, No. 204) incorporating the White River Valley Railroad Company, giving the said company authority to build and operate a railroad in and through the Towns of Bethel, Stockbridge, Pittsfield, and Rochester, all in Vermont.

"And whereas, the granters named in said act of incorporation and their associates propose to build a standard gauge railroad extending from said Rochester to the Central Vermont Railroad of said Bethel, running along the bank of the White River through the White River Valley so called, provided the towns to be benefited by building such railroad shall aid in its construction and equipment:

"Now, therefore, be it resolved that the town of Rochester aid in the construction and equipment of said White River Valley Railroad in the sum of thirty-five thousand ($35,000) dollars; the payment of said sum to be made to the said White River Valley Railroad within thirty days after said railroad is in operation and ready for business; said payment, however, to be subject to the following conditions:

"First. That said railroad shall be of the standard gauge, thoroughly and substantially built and equipped.

"Second. That said railroad shall extend from the village of Rochester, Vermont, to the Central Vermont Railroad, at Bethel, Vermont.

"Third. Said railroad shall be properly equipped for the transportation of passengers, baggage, mail, and express, and also for the transportation of freight in bulk or by the car load to and from the town of Rochester.

"Fourth. That said railroad shall be in operation on or before the 30th day of December, 1900.

"If the above-named conditions are not complied with, the aid hereinbefore voted shall not be granted.

"(2) Resolved, that the selectmen of the town of Rochester for the time-being are authorized for and in behalf of the town to make a contract with the said White River Valley Railroad Company, which contract shall embody the terms and conditions of the foregoing vote."

Subscriptions were made and aid was voted sufficient, with this, to apparently warrant commencement of work. The road was built part way, the corporation failed, and a receiver of it was appointed by this court with authority to complete the road, which was done in considerable part by the assignment of this subsidy to a contractor, who assigned it to the plaintiff Williams, to secure him for funds furnished by him for the prosecution of the work, of which the defendant was notified; and an interest in it has since been assigned to the plaintiffs Jose and Stiles, of which the defendant has also been notified. The bill is brought for the recovery of the subsidy, and is demurred to for lack of jurisdiction and want of equity.

The statutes of the United States have always provided that no District or Circuit Court should "have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made," with some exceptions not here material. 1 Stat. 78, c. 20, § 11; Rev. St. § 629; 25 Stat. 434, c. 866, § 1. The argument in opposition to the jurisdiction is that the assignment of the receiver was that of the railroad corporation, which could not have maintained a suit against the defendant in this court, because it is a cor-

poration and a citizen of the same state as the defendant. This would be true, and fatal to the jurisdiction, if the cause of action had accrued to the railroad corporation; but none would accrue, under the terms of the vote, until the road should be in operation. Concord v. Portsmouth Savings Bank, 92 U. S. 625, 23 L. Ed. 628. Before then the right to the subsidy was merely one to obtain it by building and equipping the road according to the terms of the vote. Williams as assignee had furnished the money by which this was accomplished, and the right to the subsidy accrued to him, for the benefit of himself, or the receiver, if he should redeem Williams' assignment, which has not been done. Williams' cause of action does not depend upon the assignment of a chose in action to him, but upon the assignment of a right to him by which by performance he acquired a chose in action to himself. The case in this respect is somewhat like De Sobry v. Nicholson, 3 Wall. 420, 18 L. Ed. 263, where Nicholson, with others, one of whom could not sue in the federal court, had contracted to build a mill for De Sobry at a certain price, and acquired their right before the mill was completed, and it was held that he could sue for the price in the federal court. As Williams could sue here alone, he and his assignees, Jose and Stiles, can sue together, as if no assignment had been made. If Paige, receiver, is a necessary party, he is not an assignee, but a successor of his predecessor, Sawyer, and is not within the statute. If it was necessary that Sawyer, receiver, and Williams should have been citizens of another state when the chose in action accrued, the record in the receivership case shows them to have been residents, and probably citizens, of Massachusetts, at that time which, while it would not help out this case in that respect, would afford ground for allowing an amendment according to that fact; but the jurisdiction seems to appear from the allegations of the bill without that.

The argument of want of equity appears to rest chiefly upon the want of consideration, want of execution of a contract by the selectmen pursuant to the second vote, and want of acceptance. The consideration does not consist of anything that was to pass from the railroad corporation to the town as such, but in the contributions of others to the railroad as a public work beneficial to the inhabitants of the town and the public, which the law of the state made sufficient. The making of a contract was merely authorized, and not required, and was not to vary in any way, but merely to embody, the terms and conditions of the vote. That would not be an acceptance, but the building of the road according to the terms of the vote would be. Concord v. Portsmouth Savings Bank, 92 U. S. 625, 23 L. Ed. 628; Gale v. Jamaica, 39 Vt. 610.

It is suggested that the contractor who was an assignee between the receiver and Williams is a necessary party because of his right to redeem the subsidy; but he had no interest in any of the property, and the mere right to redeem a thing wholly in action which the receiver, who is a party, had a right to redeem from him, would be lost.

Demurrer overruled, defendant to answer over by June 15th.