[No. 1909]
# STATE OF NEVADA, RESPONDENT, v. BERNARD CLARK, APPELLANT.

1. CRIMINAL LAW—APPEAL—HARMLESS ERROR.
   In a prosecution for felony, where a witness was examined by the state for a few moments before accused was brought in, neither the court nor the prosecution noting his absence, and his attorneys, who were present, not objecting on account of his absence, the error will be considered harmless where the testimony was stricken out and later reintroduced without objection, particularly as the prosecution was had before the enactment of Rev. Laws, sec. 7123, which requires the defendant's presence at a trial for felony, under the old laws which did not contain any such requirement.

2. CRIMINAL LAW—APPEAL—PRESENTATION OF GROUNDS OF REVIEW —EXCEPTIONS—NECESSITY.
   The particular ground of an objection or exception must be brought to the attention of the trial court, consequently accused cannot complain on appeal that oral statements by the court to the jury, intended to promote a verdict, were improper because not in writing, where that objection was not made below; it appearing that the only exception to the statements was on the ground that they were of such a nature as to prejudice accused.

3. CRIMINAL LAW—TRIAL—REMARKS TO JURY.
   In a prosecution for homicide, action of the court in calling in the jury, which had been out some time, and ascertaining how they stood numerically, and in urging them to reach a verdict if they could conscientiously do so, stating that the trial had already been a great expense to the county, is not reversible error.

4. CRIMINAL LAW—TRIAL—EXCEPTIONS.
   In a prosecution for homicide, where the court, after the case was submitted, urged the jury to reach a verdict, denied accused an exception thereto, and threatened accused's counsel with punishment for contempt because of his persistence in demanding an exception, the action of the court, though improper, cannot be complained of by accused, where the objection was considered without exception.

APPEAL from Sixth Judicial District Court, Humboldt County; *W. H. A. Pike*, Judge, presiding.

Bernard Clark was convicted of murder in the second degree, and he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*P. A. McCarran* and *W. D. Jones*, for Appellant:

The court committed reversible error in proceeding with the trial during appellant's absence. (Cutting's

Comp. Laws, 4221; *Humphrey* v. *State*, 106 Pac. 978; *Day* v. *Territory*, 37 Pac. 806; *LeRoy* v. *Territory*, 41 Pac. 612; *Lewis* v. *U. S.*, 146 U. S. 370; *Dunn* v. *Commonwealth*, 6 Pa. 384; *Ball* v. *U. S.*, 140 U. S. 118; *Emery* v. *State*, 136 Am. St. Rep. 988; *Humphrey* v. *State*, 139 Am. St. Rep. 973.)

It is elementary that, to give the court jurisdiction to pronounce judgment on conviction in a. murder case, the defendant must have been present at all times during the trial, and that a judgment which appeared on the face of the record to have been rendered without juris-diction of the person is absolutely void.  (12 Ency. Pl. & Pr. 179, note 2; *Humphrey* v. *State*, 106 Pac. 978; *Day* v. *Territory*, 37 Pac. 806; *LeRoy* v. *Territory*, 41 Pac. 612; *Lewis* v. *U. S.*, 146 U. S. 370; *Hooker* v. *Com.*, 13 Gratt. 763; *Dunn* v. *Com.*, 6 Barr. 384; *Ball* v. *U. S.*, 140 U. S. 118; *Dyson* v. *State*, 26 Miss. 362–383.)

The conduct of the court, as shown by the record, was a gross violation of the statute (Cr. Prac. Act, sec. 355). The court made no pretense of reducing its instructions or remarks to the jury to writing, but simply inquired of the jury as to how they stood, and, after being informed that it stood eleven to one, proceeded to and did in the strongest language direct the jury that, because of the several days the trial had been in progress and the large expense to the county, it was the duty of the jury to find a ver-dict, and, having learned from the foreman that the jury stood eleven to one, it is evident that the remarks of the court caused one juror to reconsider and agree with his eleven associates and find the appellant guilty of murder in the second degree.

After the jury had been instructed, in writing, by the court, at the close of the argument, and had retired to consider their verdict, it was too late for the court, even in writing, to further instruct the jury without a special request from the jury on some particular point, and then only by consent of the appellant. (*State* v. *Bonds*, 1 Nev. 36; *People* v. *Beeler*, 6 Cal. 246; *People* v. *Payne*, 8 Cal. 341; *People* v. *Demint*, 8 Cal. 423; *People* v. *Prospero*, 44 Cal. 186; *People* v. *Sanford*, 43 Cal. 29; *People* v. *Ah*

*Fong*, 12 Cal. 345; *Morris* v. *State*, 25 Ala. 57; *State* v. *Wilson*, 50 Ind. 721; *People* v. *Max*, 45 Cal. 254; *People* v. *Chares*, 26 Cal. 78; *Thompson* v. *People*, 4 Neb. 524; *Hogg* v. *State*, 52 Ala. 2; *Blair* v. *State*, 52 Ala. 343; *Stewart* v. *State*, 50 Miss. 587; *Gile* v. *People*, 1 Col. Terr. 60; *State* v. *Polter*, 15 Kan. 302; *Brown* v. *State*, 28 Ga. 199; *Willets* v. *Ridgway*, 9 Ind. 367; *State* v. *Cooper*, 45 Mo. 64; *Gibbs* v. *State*, 1 Tex. App. 12; *Feriter* v. *State*, 33 Ind. 283; *People* v. *Woppner*, 14 Cal. 437; *Widner* v. *State*, 28 Ind. 394; *Dixon* v. *State*, 13 Fla. 636; *Williams* v. *State*, 32 Miss. 389; *State* v. *Gilmore*, 26 La. Ann. 599; *Long* v. *State*, 11 Fla. 295.) ·

The language of the court was such as to prejudice the jury against the appellant, even if the remarks had been in the nature of original instructions in writing, given to the jury before they retired, and had been then excepted to by the appellant.

Here was a direct demand from the court to be informed by the jury as to just how close the jury was to a verdict. It was equivalent to the court saying to the jury: "If you are near to a verdict, I propose saying enough to you to obtain a verdict, if possible." (*State* v. *Ivanhoe*, 35 Or. 150, 57 Pac. 317; *Randolph* v. *Lampkin*, 90 Ky. 552; *Whitlaw's Exr.* v. *Whitlaw*, 83 Va. 40, 1 S. E. 407; *State* v. *Bybee*, 17 Kan. 462.)

*Cleveland H. Baker*, Attorney-General, for Respondent.

By the Court, TALBOT, C. J.:

This is an appeal from a conviction of murder in the second degree, and from an order denying a motion for a new trial. The alleged errors relied on are that upon the trial some testimony was taken during the absence of the defendant, and that oral instructions were given and improper remarks made by the court to the jury.

**1.** Prior to and during the trial the defendant was in the custody of the sheriff, and in jail when the court was not in session. Upon the convening of court after a noon recess, and before the arrival of the sheriff with the defendant, whose absence for the moment was overlooked by the court and counsel for the state, the redirect

examination of the witness J. J. Williams was continued in the presence of the jury and defendant's counsel by Judge Bonnifield, attorney for the state. In this regard, the following appears in the record:

Mr. J. J. Williams, on redirect examination, resumed.

Mr. Bonnifield—Q. You state that you watched Clark's progress up to the gate. A. That is right.

Q. Progress from where? A. From where he was sitting beside the road.

Q. Watched him every instant? A. No, I can't say that I watched him every instant.

Q. Had your eye on him every step? Is that what you mean? A. No, sir.

Q. You spoke about a time there when Clark was the principal object of your vision. Remember that part of your testimony? A. I do.

Q. What was it, if anything, that made Clark the principal object of your vision? A. I was watching him when he raised his hand. Of course, my vision was concentrated there. That is what I mean.

The Court—Wait a minute. I didn't notice but what the defendant was here. Just read the record since recess.

Mr. Bonnifield—I didn't notice it myself.

The Court—I am sure I overlooked it. Read the record since—— Just cut the record out since recess. Strike it out. The jury will disregard everything that has been testified to since the noon hour.

Mr. Jones—Now, if it please the court, I will ask the stenographer to read the questions and answers that may have taken place since Judge Bonnifield commenced to examine the witness.

The Court—What do you want read now?

Mr. Jones—J. J. Williams, at the convening of court at the noon recess, and during all of which time defendant, Clark, was absent from the courtroom.

The Court—Well, I have ordered that record stricken out.

Mr. Jones—I desire to have it read now.

The Court—Read it. (The reporter read the same.)

Mr. Jones—I now ask that the record show that at the end of the last answer read by the reporter that Clark appeared in the courtroom for the first time since the court adjourned at 12 o'clock this day, and that the questions and answers propounded to the witness J. J. Williams by counsel for the state were all propounded and the questions given in the absence of the defendant. Now, if it please the court, the defendant moves the court that the jury in this case be discharged, and that no further proceedings in this case be had, for the reason that testimony has been taken in the absence of the defendant from the courtroom, but within the hearing of the court, and for a portion of the time when he was in the jail of the county in a building not within the courtroom. (Counsel for defendant objects to any further testimony being taken in the case at all, for the reasons just stated.)

Mr. Bonnifield—If the court please, while counsel is so anxious to have the record show certain things, we will ask that the record show something else, too, and that is, that at the convening of the court after the noon recess, after we were all in here, and when the defendant's attorneys were both present in court, and after the court had said, "Proceed with the case," those questions were asked, and answers given, and that neither of the attorneys for the defendant made the slightest suggestion that the defendant was not present in court, or said a word, and that as soon as your honor discovered the defendant was not present you immediately stopped the examination, and ordered that all those proceedings be stricken out. We ask that also be made a part of the record.

The Court—The record will show remarks of counsel and the remarks of the court, and the motion will be denied, and the jury is at this time admonished to disregard any testimony that has been offered since the noon hour up to the present time, and I would like to ask the sheriff, What is the reason, Mr. Sheriff? How was it?

The Sheriff—I was busy with some other things, and I kind of overlooked the time, your honor.

The Court—I am not blaming you at all; but I didn't know but what something else may have transpired.

Mr. Jones—To the ruling of the court, if your honor please, the defendant excepts, for the reasons stated in his motion herein.

The Court—Proceed with the redirect examination, Judge Bonnifield.

The state constitution provides that: "In any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel, as in civil cases." (Art. 1, sec. 8.)

In the old criminal practice act it was provided that upon the preliminary hearing before the committing magistrate the witnesses should be examined in the presence of the defendant, and that "upon arraignment, if the indictment be for a felony, the defendant must be personally present." (Comp. Laws, 4121, 4221; Rev. Laws, 6977, 7075.)

The Compiled Laws also provided: "If the indictment be for a felony, the defendant must, before a verdict, appear in person. If it be for a misdemeanor the verdict may be rendered in his absence." (Comp. Laws, 4368; Rev. Laws, 7414.) "For the purpose of judgment, if the conviction be for a felony, the defendant must be personally present; if it be for a misdemeanor, judgment may be pronounced in his absence." (Comp. Laws, 4402; Rev. Laws, 7245.)

In regard to trials in the justice court, the old act also provided: "The defendant must be personally present in all cases before the trial shall proceed, unless he shall have given sufficient bail, as provided in this act, or the district attorney consent to proceed with the trial after the defendant shall have appeared in person; and shall also be represented by counsel." (Comp. Laws, 4565; Rev. Laws, 7482.)

Section 7123 of the Revised Laws, which became effective in 1912, and after the trial in this case, provides, "If the prosecution be for a felony, the defendant

must be personally present at the trial; but if for misdemeanor, the trial may be had in the absence of defendant; if, however, his presence is necessary for the purpose of identification, the court may, upon application of the district attorney, by an order or warrant require the personal attendance of the defendant at the trial."

In the former criminal practice act, which was in force at the time of the trial, no similar provision is found in the sections relating to the proceedings in court between the impaneling of the jury and the verdict.

We are cited to numerous opinions of eminent courts holding that in criminal prosecutions for felony the accused must be present during the trial, and setting aside convictions because of his absence. These decisions are justly protective of the rights of persons charged with crime, and support a rule of law which should be applied in every case where the accused has been injured or prejudiced by his absence during the trial; but they are not regarded as warranting a reversal for an absence so short, inadvertent, and harmless as the one shown in this case. It appears that in those cases the absence of the defendant was during the whole or some important part of the trial, such as the selecting or challenging of jurors, the taking of the entire or a substantial part of the evidence, the argument of counsel, the giving of instructions, the rendition of the verdict, or the pronouncing of sentence.

It must be conceded that defendant is entitled to be present, and that, if any part of the trial takes place in his absence which might work to his injury or prejudice, he would be entitled to a new trial. These rights are guaranteed to every accused person so that he cannot be punished by any unjust and clandestine trial in his absence, according to ancient tyrannical methods. But under the circumstances of this case, the asking and answering of six questions, consuming perhaps less than thirty seconds, before the court and attorneys for the state noticed the absence of the defendant and the sheriff, when the answers were not of sufficient importance when considered in connection with the other

testimony given in the case to have possibly made any difference in the verdict, when the court promptly struck out this testimony taken during the defendant's absence, directed the jury to disregard it, permitted the state to reexamine the witness and reintroduce this evidence in the presence of the accused, and when the attorneys for the defendant were present during the asking of these questions and made no objection to the giving of the answers, and substantially the same testimony was given by the same witness previously and subsequently in the presence of the defendant, we must regard this slight inadvertence as too trivial to justify the setting aside of a verdict reached after a carefully fought trial lasting three weeks.

The accused was confronted by the witnesses, was present during the taking of all the material testimony which resulted in his conviction, and had full opportunity of cross-examination. He was not deprived of any substantial right or privilege to his prejudice, or which would have resulted in a different verdict. We have often held that technical error which did not actually prejudice the accused will not justify a reversal. (*State* v. *Williams*, 31 Nev. 360; *State* v. *Petty*, 32 Nev. 384, Ann. Cas. 1912D, 223; *State* v. *Smith*, 33 Nev. 459; *State* v. *Mircovich*, 35 Nev. 485, and cases there cited.)

After reviewing some decisions holding that in felony cases, where the life or liberty of the accused is in peril, he must be present during the trial, the court, in *Bond* v. *Commonwealth*, 83 Va. 587, 3 S. E. 152, said: "The foregoing citations are sufficient to attest the adjudged authority and importance of the rule of law and practice in Virginia, that the prisoner has the right to be present in court at any and every stage of his trial, 'when anything may be done by which he is to be affected.' But we are of opinion that the record in this case shows that nothing was done in the prosecution by which the prisoner was or could be affected, or of which he can rightfully complain."

In *People* v. *Soto*, 65 Cal. 622, 4 Pac. 664, after the jury had retired to deliberate upon their verdict, they returned,

and asked for further instructions, and, in the absence of the defendant, the court reread to them a portion of the previously given instructions. Later the jury were again brought into court, and, in the presence of the defendant, directed to disregard what had been read to them in his absence, and this part of the instructions was again read to the jury. On appeal the court said that it was manifest that no injury could be done the defendant by reason of that which had occurred while he was absent, and the judgment was affirmed.

In *Hair* v. *State*, 16 Neb. 603, 21 N. W. 464, it was insisted that a new trial should be granted because the accused was away from the courtroom while a witness was asked a few questions by the district attorney. When the attention of the district attorney was called to the absence of the prisoner, he ceased his examination of the witness, and when the accused returned the questions were reasked. In the opinion it was stated that nothing had occurred to the prejudice of the accused. The conviction was affirmed.

In *State* v. *Grate*, 68 Mo. 27, the court said: "In the absence of anything in the affidavits to the contrary, we shall not assume that defendant was prejudiced, or, that any substantial portion of the concluding argument was made before defendant's return after recess."

In *Cason* v. *State*, 52 Tex. Cr. R. 223, 106 S. W. 337, the accused was absent while several questions were asked by the county attorney and answered by the witness. When one of the defendant's counsel stated that the defendant was not in the courtroom, the court promptly told the jury to disregard all testimony that was introduced in the absence of the defendant. It was held that, under the explanation of the court and the character of the testimony introduced, there was no such error as authorized a reversal.

In *People* v. *Bragle*, 88 N. Y. 589, 42 Am. Rep. 269, the cross-examination of a witness was continued by counsel for accused while he was absent from the courtroom for five minutes to use the telephone. The conviction was affirmed. The court said: "Under such circumstances it

would require a very rigid construction to hold that the rights of the accused had been invaded or the law violated. The statute (3 R. S., c. 18, 6th ed. 1029), which declares that no persons shall be tried for a felony unless personally present during the trial, was evidently meant for protection of the prisoner, and a substantial performance was all which was required."

In *State* v. *McGraw,* 35 S. C. 289, 14 S. E. 631, it is stated in the opinion: "The fifth exception complains that the defendant was tried in his absence, while he was incarcerated in jail. It seems that the defendant was present in court on the 19th, while his trial was going on, but that he was not brought into court until about noon of the next day. He was present, however, when the verdict was rendered. No application was made by the defendant's counsel that he should be brought into court at an earlier hour. We see no error here."

In *People* v. *Miller,* 33 Cal. 100, the court said: "The trial was not had in the defendant's absence. She does not claim that she was absent except at the time when the jury came into court, and announced their verdict, and while the same was being recorded by the clerk. She was there, according to her own story, before the jury was discharged, and knew what the verdict was, and had the opportunity to demand the polling of the jury. It is not pretended that she was in any manner prejudiced in respect to a substantial right by reason of her momentary absence, and, assuming she was absent, as claimed on her behalf, and that the proceeding which transpired during the interval was irregular, it must be held to be an error or mistake of no injurious consequence to the defendant, and in nowise rendering the verdict invalid."

In *State* v. *Harris,* 34 La. Ann. 121, the following language is quoted with approval: "While the law, in the tenderness for one in its custody, charged with a grave offense, may not from this consideration dispense with the personal presence of the accused in all the important material stages of the trial, lest he might possibly suffer some injury from his absence, it is not

now required that he should be personally present at each and every step and proceeding connected with the case of minor significance and importance. (*Dougherty* v. *Commonwealth*, 69 Pa. 286.)"

**2.** After the jury had retired for deliberation, and had remained out several hours without reaching a verdict, they were called into the courtroom, and the following proceedings were had:

The Court—Well, now, I do not want you to state how you stand except numerically. You understand that it is numerals. Don't want you to state to me how you stand—not what you are in favor of. Understand?

Mr. Foreman—Yes, sir.

The Court—But I want to know how you stand numerically. Now, be careful. Is it—— Does the balance stand 6 to 6, or 8 to 4, or 7 to 5, or 3 to 9, or something? What is the result of your last ballot, without stating what it was?

Mr. Foreman—I understand; 11 to 1.

The Court—Well, that looks easy, if it is in that condition, and there isn't anything you want of the court, is there, that you know of?

Mr. Foreman—No, I don't think there is.

The Court—I do not want any of you to understand, gentlemen, that I wish to suggest in the slightest degree as to what your verdict should be. That is furthest away from my mind. All I want to say to you—to remind you—that, if you can conscientiously do so, it is your duty to reach an agreement as to something or other. The trial has been on here now since the 28th day of April, consuming something over or about three weeks of the court's and attorneys' time, and has cost Humboldt County a vast sum of money. Now, if you can possibly conscientiously agree upon a verdict, it is your duty to do so. The sheriff will take you to dinner in about half an hour, and I want you to retire to the jury room and go to work.

Mr. McCarran—If the court please, let the record show that upon the part of the defense we save an exception now to the remarks of the court as trying to induce the

jury to arrive at a verdict by offering them inducements along the lines of the expense, which is prejudicial to the defendant.

The Court—Well, the record will show that the attorney is out of order, and has no right to take an exception, and the exception will not be allowed.

Mr. McCarran—Well, we will try and have that exception allowed.

The Court—If the attorney is not very careful, he will be in contempt of court. Let the record show that. You may retire to the jury room, gentlemen. Defendant may be remanded.

It is asserted that these remarks of the court were error, and ought not to have been made except in writing, under the statute, which provides that, when the evidence is concluded, and the argument made, if not waived: "The judge shall then charge the jury, if requested by either party; he may state the testimony and declare the law, but shall not charge the jury in respect to matters of fact; such charge shall be reduced to writing before it is given; and in no case shall any charge or instructions be given to the jury otherwise than in writing, unless by the mutual consent of the parties." (Comp. Laws, 4320.)

In answer to this contention, we are cited in the brief for the state to a number of authorities, and to the following quotations from former opinions of this court:

In *State* v. *Waterman,* 1 Nev. 555: "During the time the jury were out consulting as to a verdict, they came in and propounded some question to the presiding judge, in writing. He informed them the question they asked was one relating to facts of which they were the judges, and he could give them no instructions on the subject. It is complained that this is a violation of the statute which requires the judge's charge in felonies to be in writing. We think this is not a violation of the spirit or intention of the statute. It was not the intention of the statute to prevent the judge addressing any remark to the jury, but only to reduce to writing those instructions in regard

to the legal propositions involved in the case, and which might be the subject of review in this court.  Probably in almost every trial of a felony case the judge addresses some words to the jury which are in some respects to be regarded as instructions, yet such conduct of the judge is not held to be error."

In *State* v. *Jones*, 7 Nev. 416:  "The objection urged against this is that it is an oral charge, and, second, that it had a, tendency to prejudice the defendant by urging the jury to avoid further deliberation, or careful consideration of the case, and agree upon a verdict.  The address is not open to the first objection, because it is in no sense a charge.  It was not a statement of the law governing the case, nor an instruction in any manner directing the jury how to find a verdict.  This was no more a charge than that which came in question in the case of *People* v. *Bonney*, 19 Cal. 426, where the jury were told orally that their verdict was not in proper form, and that they must retire and designate in the verdict in which degree they found the defendant guilty, and it was held to be no error because not a charge.  Nor can we perceive how these remarks of the judge were calculated to encourage the jury to find an inconsiderate verdict.  The law of the case had been previously given to them, and they were fully aware of the gravity of the duty imposed upon them.  Clearly, the immediate tendency of these remarks was simply to induce a more careful and anxious consideration of the case—to let the jury understand that they should make an effort to agree upon a verdict simply, but not contrary to the evidence, law, or the rights of the defendants.  No such conclusion can properly be drawn from the remarks.  Nor would it be warranted when taken . in connection with the instructions given wherein the rights of the defendants are fully guarded.  It is true such remarks had better not be made; but still in this case we are unable to see that the defendant could have been prejudiced by what was said."

Exception was taken to the remarks of the court as tending to induce the jury to arrive at a verdict; but no

exception was taken to them on the ground that they amounted to an instruction, or ought to have been given in writing. Consequently the question whether the remarks amounted to an instruction required to be given in writing was not presented to the trial court, and therefore is not properly before this court for determination. We have often held that the particular ground for an objection or exception must be brought to the attention of the court at the time the objection is made or the exception is taken. (*State v. Williams*, 31 Nev. 360; *State v. McMahon*, 17 Nev. 365; *Finnegan v. Ulmer*, 31 Nev. 525; *McGurn v. McInnis*, 24 Nev. 370; *State v. Mangana*, 33 Nev. 522, and cases there cited.

In *Alexander v. United States*, 138 U. S. 355, 11 Sup. Ct. 351, 34 L. Ed. 954, the court said: "But the decisive answer to this assignment is that the attention of the court does not seem to have been called to it until after the conviction, when the defendant made it a ground of his motion for a new trial. It is the duty of counsel seasonably to call the attention of the court to any error in impaneling the jury, in admitting testimony, or in any other proceeding during the trial by which his rights are prejudiced, and in case of an adverse ruling to note an exception. (*Stoddard v. Chambers*, 2 How. 284, 11 L. Ed. 269; *DeSobry v. Nicholson*, 3 Wall. 420, 18 L. Ed. 263; *Canal Street Railroad v. Hart*, 114 U. S. 654, 5 Sup. Ct. 1127, 29 L. Ed. 226; Thompson on Trials, secs. 690, 693, 700.)"

3. Aside from the question as to whether the remarks of the court ought to have been in writing, it is claimed that they were of such a nature as to prejudice the jury, and indicated that the court was anxious to have them agree upon a verdict. It would have been better if certain statements of the court had been omitted. Notwithstanding the inference might be drawn that the court believed it would be easy for them to agree upon a verdict when only one man was standing against the eleven in unison, we do not consider that the remarks are reversible error when considered with the statements of the court made at the time, that the court did not wish

to suggest in the slightest degree what the verdict should be, and that it was the duty of the jury to reach a verdict if they could conscientiously do so.   Nor do we conclude that the statements of the court that the trial had consumed three weeks and cost the county a vast sum are grounds for reversal, when the statement twice made by the court to the jury that it was their duty to agree upon a verdict, if they could conscientiously do so, implied that they were not to agree upon a verdict unless they could conscientiously do so.

These remarks did not convey anything to the jury of which they were not already aware, for they knew the trial had consumed three weeks, and that it had cost the county a large amount.   They were not told that it was their duty to agree upon a verdict in order to avoid the expense of another trial, or at least not unless they could conscientiously do so.

In *State* v. *Jones,* 7 Nev. 416, the following address was delivered orally to the jury, and was excepted to by counsel: "The court is not desirous of punishing the jury; but, as it is a great expense to the county, and a venire of seventy-five jurors has already been exhausted, and this trial has taken up a great deal of time already, and it is very doubtful if another jury can be got in the county to try these men, I will give you an instruction upon the point on which you were in doubt last night, and it may aid you to make up your verdict."   These remarks, not in writing, and not less improper than the ones made in the present case, were held not to be reversible error.

4. As apparently counsel for defendant was acting in good faith, and had a right to reserve an exception to the remarks made, it was improper for the court to refuse to allow an exception, and to caution the attorney to be careful or he would be in contempt for asking for the noting of an exception to the remarks of the court. This error is not regarded as affecting the verdict or injuring the defendant, since the exception has been brought to and considered by this court, and the defendant is not deprived of any benefit from it to which he

would have been entitled if the court had not made any remark against allowing the exception.

The judgment and order of the district court are affirmed.

MCCARRAN, J., having been an attorney for the appellant herein prior to his election as a justice of the supreme court, did not participate in the decision.

[NOTE—Petition for rehearing pending.]